1  Casey G. Lowe (SBN 354186)
2  lowe.casey@gmail.com
   The Law Office of Casey G. Lowe
3  2604 Sean Way
   Mount Shasta, CA 96067
4  Telephone: (858) 736-7561

5  *Plaintiff, Self-represented*

6
7
8
9                    UNITED STATES DISTRICT COURT
10                    EASTERN DISTRICT OF CALIFORNIA
11

12  | CASEY G. LOWE, | Case No. |
    |---|---|
    | Plaintiff, | **COMPLAINT FOR DAMAGES** |
    | v. | **JURY TRIAL REQUESTED** |
    | DEBRA A. HAALAND, in her official capacity as Secretary of the United States Department of the Interior; the UNITED STATES DEPARTMENT OF THE INTERIOR; and JOSEPH R. BIDEN, in his official capacity as President of the United States, | |
    | Defendants. | |

1

Plaintiff Casey G. Lowe alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Mr. Lowe is an individual who resides in Mount Shasta, California.

2. Defendant DEBRA A. HAALAND ("Secretary Haaland") is, and at all times relevant hereto was, the Secretary of the United States Department of Agriculture ("USDA"). Secretary Haaland is sued herein in her official capacity.

3. Defendant UNITED STATES DEPARTMENT OF THE INTERIOR ("DOI") is a federal agency organized under the Executive Branch of the United States government.

4. Defendant JOSEPH R. BIDEN is, and at all times relevant hereto was, President of the United States. President Biden is sued herein in his official capacity as head of the federal service.

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1346, and 1361.

6. Venue is proper within this District pursuant to 28 U.S.C. § 1391(e)(1) because Plaintiff resides within this District, and because the facts that gave rise to the Complaint occurred within this District.

## FACTUAL ALLEGATIONS

7. On July 29, 2021, CNN published an article containing the following quote regarding the vaccination mandate for federal employees: "The goal of the requirement, Biden aides have said, is to render being unvaccinated **so burdensome** that those who haven't received shots will have little choice other than to get them." (emphasis added).

8. On July 29, 2021, President Biden stated that if one is unvaccinated, "[y]ou present a problem to yourself, to your family and to those with whom you work."

9. On September 9, 2021, President Biden issued Executive Order 14043 mandating COVID-19 vaccination by November 22, 2021, for all federal employees who were not engaged in the reasonable accommodation process.

10. Between September 24, 2021, and January 4, 2022, President Biden also stated "[t]his is a pandemic of the unvaccinated", "[t]his continues to be a pandemic of the unvaccinated", "there's no excuse for anyone being unvaccinated", and that unvaccinated people would experience a winter of "severe illness and death".

2

11. On October 4, 2021, Mr. Lowe emailed his supervisor, Sherri ("Kim") Ferguson ("Supervisor Ferguson"), to inform her that Mr. Lowe required a religious accommodation to the vaccination mandate to continue in his position beyond the November 22, 2021, deadline.

12. On October 5, 2021, Supervisor Ferguson responded by stating her understanding that "there is no official form or process at this time", and directed Mr. Lowe to submit his reasonable accommodation request to Employee Relations Specialists Edwin Ortiz and Lindsey Gersbach ("ER Specialist Ortiz" and "ER Specialist Gersbach").

13. On October 6, 2021, Mr. Lowe emailed ER Specialist Ortiz and ER Specialist Gersbach to initiate the process for obtaining a reasonable accommodation to the vaccination mandate based on Mr. Lowe's sincerely held religious beliefs, which preclude vaccination.

14. ER Specialist Gersbach replied to Mr. Lowe later that day stating that she needed to submit his reasonable accommodation request to a "legal team", and informed Mr. Lowe that she could submit his request "without any additional information" or she could "add whatever information you deem necessary".

15. Mr. Lowe replied to ER Specialist Gersbach later that day (October 6, 2021) requesting guidance regarding the reasonable accommodation process, and clarification about the role of the "legal team".

16. On October 8, 2021, ER Specialist Gersbach replied to Mr. Lowe via email stating, "[t]here is currently not a laid-out process for religious exemptions", and that Mr. Lowe's only options were to "choose to provide" ER Specialst Gersbach with "additional information" or she would submit Mr. Lowe's request "as is".

17. ER Specialist Gersbach did not address Mr. Lowe's question regarding the legal team's role in the reasonable accommodation process nor did ER Specialist Gersbach clarify what "additional information" the legal team may need to evaluate Mr. Lowe's reasonable accommodation request.

18. Mr. Lowe replied to ER Specialist Gersbach later that day (October 8, 2021), suggesting that the best course of action may be to await guidance from DOI to ensure that the reasonable accommodation process was standardized and objective.

19. On October 14, 2021, ER Specialist Gersbach replied with an official DOI intake form ("DI-6508"). The DI-6508 contained a bold, underlined subject heading, which read, "**Information Needed**", and instructed Mr. Lowe to "answer the following questions as completely as possible". (emphasis in original)

20. The DI-6508 contained a series of ten (10) inquiries seeking intimate details regarding Mr. Lowe's religious "belief, observance, or practice", which far exceeded what Mr. Lowe deemed reasonable based on EEOC guidelines and existing legal standards.

21. The DI-6508 also included inquiries into Mr. Lowe's personal, private medical history such as asking him to list any "medicines or medical products" he chooses not to use as a result of his religious "belief, observance, or practice", and to list any vaccinations he received "as an adult".

22. On October 22, 2021, Mr. Lowe submitted his completed, signed DI-6508 form to ER Specialist Gersbach, which included as much information about Mr. Lowe's religious "belief, observance, or practice" as Mr. Lowe deemed reasonable based on EEOC guidelines and existing legal standards.

23. In the email accompanying his DI-6508 form, Mr. Lowe explained how "deeply personal and private" his "spiritual and religious beliefs" are to him, and how DOI's "intrusive inquiry into the very heart" of Mr. Lowe's "private, personal life exacted a deep physical and emotional toll" on him.

24. In that email, Mr. Lowe also observed that the DI-6508 form's instructions stated "this form does not replace the normal interactive process that should occur between a requesting employee and the employee's supervisor".

25. Thus, Mr. Lowe requested that if any additional information was necessary to process his request, that Mr. Lowe be allowed to provide that information directly to Supervisor Ferguson through the normal interactive process defined by EEOC guidelines.

26. Mr. Lowe's email also stated that any additional religious or medical information would be provided under duress due to the threat of termination.

///

27. ER Specialist Gersbach responded only a few hours later requesting more information, stating "not providing the requested information on this form may impact the ability of the Department to facilitate your request, which may result in a denial of such request".

28. ER Specialist Gersbach also stated, "[t]he information requested is not in violation of any law and does not violate HIPPA."

29. Roughly one (1) month earlier, Principal Deputy Solicitor Robert T. Anderson issued an email to DOI employees with the subject heading "The Department's Legal Work and Unauthorized Practice of Law".

30. Deputy Solicitor Anderson stated, "Legal interpretation, advice, or representation in any matter must be obtained only from SOL [Office of the Solicitor] attorneys."

31. Deputy Solicitor Anderson defined "legal work" as including "providing assistance regarding the interpretation and application of all legal authority, including statutes, judicial decisions, executive and other orders, and regulations affecting actions proposed or taken under the Department's programs and operations."

32. Thus, Mr. Lowe promptly notified supervisor Ferguson that ER Specialist Gersbach had violated DOI's Unauthorized Practice of Law policy by advising Mr. Lowe regarding the DI-6508's legality, and attached a copy of Deputy Solicitor Anderson's policy notice as documentation.

33. On October 25, 2021, Mr. Lowe emailed ER Specialist Gersbach seeking clarification regarding whether additional information was required in order to obtain a reasonable accommodation, and whether providing that information was truly voluntary because it would be provided under economic duress due to threat of termination.

34. Mr. Lowe did not receive a response from ER Specialist Gersbach by the end of the day so he submitted his revised DI-6508 under economic duress on October 25, 2021.

35. Mr. Lowe stated in the email accompanying his revised DI-6508 that he considered DOI's "demand of additional, personal information to be harassment" based on Mr. Lowe's "religious beliefs and practices", which preclude vaccination.

///

36. On October 25, 2021, Mr. Lowe also emailed Supervisor Ferguson informing her that he felt "violated", and that his physical health had deteriorated due to the questioning to which DOI subjected him.

37. On October 25, 2021, Mr. Lowe also filed a complaint with DOI's Nevada State EEO Office by calling Equal Employment Program Manager Denise Haynes ("PM Haynes").

38. PM Haynes took Mr. Lowe's initial complaint telephonically, despite Mr. Lowe's request to submit his complaint in writing.

39. When Mr. Lowe stated that his religion was Christian Mysticism, PM Haynes responded that Christian Mysticism was "not a religion", and listed "Methodist" or "Catholic" as examples of Christian denominations she seemed to deem acceptable.

40. After Mr. Lowe clarified that he was a practicing member of the Christian Community denomination as well as an Anthroposophist, PM Haynes responded by asking "anything else?" in a mocking tone, to which Mr. Lowe replied, "Yes, I'm a Rosicrucian and a Martinist".

41. PM Haynes then laughed at Mr. Lowe's response, as if Mr. Lowe' religious beliefs amused her.

42. DOI declined the EEOC Investigator's request to provide PM Haynes's training record.

43. On November 3, 2021, Mr. Lowe resigned after accepting a transfer to the USDA.

44. In his resignation email, Mr. Lowe stated that the "physical and emotional toll the religious exemption process has taken on [him] is just too much" and that Mr. Lowe had "not had any peace in [his] life since Employee Relations launched its heavy-handed inquisition into [his] personal religious beliefs and practices."

45. Mr. Lowe also observed in his resignation that he had "no choice but to move forward with an agency that seems less outwardly hostile to people of faith, and which seems more likely to evaluate [his] religious exemption fairly".

46. On November 4, 2021, Supervisor Ferguson replied, stating she was "very disheartened" to lose Mr. Lowe, and that she had "respect and admiration" for him. Supervisor Ferguson also stated "we could have done great work together."

47. On November 15, 2021, Acting Deputy State Director Charles "Chuck" Sandau ("DSD Sandau") emailed Supervisor Ferguson to discuss DOI's response to Mr. Lowe's EEO complaint.

48. In that email, DSD Sandau stated, "I want to avoid saying that we were inquiring about [Mr. Lowe's] personal life and religious practices".

49. On November 16, 2021, DOI responded to Mr. Lowe's EEO complaint.

50. In their response, DOI refused to commit to ending its intrusive inquiries into Mr. Lowe's personal religious beliefs and practices.

51. On the contrary, DOI's response stated that their Human Resources department "may be required" to reach out to Mr. Lowe to extract even more "additional information" from him regarding his religious beliefs and practices.

52. On November 22, 2021, Mr. Lowe received an email from DSD Sandau with the subject heading, "IMPORTANT: Vaccination Status Reporting Requirement – DD 11/22/21 (today)".

53. DSD Sandau's email stated, "[b]ased on a report that was provided today, I don't see your proof of vaccination against COVID-19", and threatened that "non-compliant employees, **of which your record currently shows you are**…may be disciplined – **up to and including being removed from your position** – if you don't get this done by COB November 22, 2021." (emphasis added).

54. Mr. Lowe promptly reached out to Supervisor Ferguson to clarify that he was in compliance with Executive Order 14043 by requesting a reasonable accommodation based on his sincerely held religious beliefs, and thus should not be subject to removal from his position.

55. On November 24, 2021, DSD Sandau admitted in an email to Supervisor Ferguson that the threatening email he sent to Mr. Lowe "shouldn't have been sent" because "Mr. Lowe was on the list ER provided showing that he had initiated an RA request and thus he should have been left off the email."

56. However, DSD Sandau never reached out to Mr. Lowe to provide clarification or to apologize for erroneously threatening Mr. Lowe with disciplinary action.

57. On December 1, 2021, Human Resources Officer Patti Kepley ("HRO Kepley") forwarded Mr. Lowe several emails from the USDA stating that Mr. Lowe's transfer to that agency would be delayed indefinitely.

58. Therefore, Mr. Lowe was forced to remain under DOI's employ under economic duress until his formal separation from DOI on February 12, 2022.

59. On May 20, 2024, DOI issued a Final Order in Mr. Lowe's EEOC case, initiating Mr. Lowe's right to file a civil action in this Court. (See Exhibit A).

**FIRST CLAIM FOR RELIEF**

**Violation of Title VII of Civil Rights Act (Failure to Accommodate)**

60. Mr. Lowe incorporates by reference paragraphs 1-59 of this Complaint as though set forth fully herein.

61. Mr. Lowe has a bona fide religious belief that conflicted with DOI's employment requirement to accept the COVID-19 vaccine, as alleged above.

62. Mr. Lowe informed DOI that his sincerely held religious beliefs conflicted with the employment requirement to accept the COVID-19 vaccine by engaging in the reasonable accommodation process, as alleged above.

63. ER Specialist Gersbach instructed Mr. Lowe to submit his reasonable accommodation request before DOI established "a laid-out process for religious exemptions," as alleged above.

64. DOI's reasonable accommodation process also included review by a "legal team", whose role in the process was never explained to Mr. Lowe, as alleged above.

65. At the time, Mr. Lowe was already working remotely. Thus, Mr. Lowe's suggested accommodation of remote work would not have imposed an undue hardship on DOI.

66. EEOC guidance states that the sincerity of an employee's stated religious belief is usually not a matter for dispute, and is generally presumed or easily established.

67. However, DOI instructed Mr. Lowe to complete the DI-6508 form, which included intrusive questions regarding Mr. Lowe's religious beliefs and practices, as alleged above.

68. DOI subsequently requested even more information regarding Mr. Lowe's religious beliefs, as alleged above.

69. Even after Mr. Lowe filed an EEO complaint, DOI refused to commit to ending its intrusive inquiries into Mr. Lowe's sincerely held religious beliefs and practices, as alleged above.

70. DSD Sandau seemed to admit that DOI's inquiries were intrusive by stating, "I want to avoid saying that we were inquiring about [Mr. Lowe's] personal life and religious practices" in an email to Mr. Lowe's supervisor, as alleged above.

71. Additionally, ER Specialist Gersbach engaged in unauthorized practice of law, as defined by DOI, in order to coerce Mr. Lowe into divulging personal information regarding his religious beliefs, and his private medical information on the DI-6508 form.

72. Furthermore, DSD Sandau sent Mr. Lowe an email threatening him with disciplinary action "up to and including being removed from your position" despite the fact that Mr. Lowe had complied with the requirements of Executive Order 14043 by engaging in the reasonable accommodation process, as alleged above.

73. DSD Sandau subsequently admitted that the email he sent Mr. Lowe "shouldn't have been sent" because "Mr. Lowe was on the list ER provided showing that he had initiated an RA request and thus he should have been left off the email", as alleged above.

74. However, DSD Sandau never reached out directly to Mr. Lowe to provide clarification or to apologize for erroneously threatening Mr. Lowe with disciplinary action, as alleged above

75. Thus, Mr. Lowe reasonably interprets DSD Sandau's email, which threatened Mr. Lowe with removal from the federal service, as another attempt by DOI to harass, intimidate, and coerce Mr. Lowe into violating his sincerely held religious beliefs by accepting vaccination.

76. Thus, DOI failed to engage in a good-faith, interactive reasonable accommodation process with Mr. Lowe, as required under Title VII.

77. Therefore, DOI subjected Mr. Lowe to discrimination based on his sincerely held religious beliefs, which preclude vaccination.

78. As a result of Defendants' conduct, Mr. Lowe suffered damages in an amount to be proven at trial, including economic damages, and damages related to the emotional harm he suffered such as mental anguish, loss of enjoyment of life, injury to professional standing, injury

to reputation, and other non-pecuniary losses incurred as a result of Defendants' actions, which were the actual and proximate cause of those damages.

79. Mr. Lowe should also recover his costs and be awarded reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act (Hostile Work Environment)**

80. Mr. Lowe incorporates by reference paragraphs 1-59 of this Complaint as though set forth fully herein.

81. Mr. Lowe is a member of a protected class because his sincerely held religious beliefs preclude vaccination.

82. Mr. Lowe is also a member of a protected class because he engaged in protected activity by requesting a reasonable accommodation to DOI's vaccination mandate, and because he engaged in protected activity by filing an EEO complaint against DOI.

83. DOI subjected Mr. Lowe to an intrusive inquiry into his personal religious beliefs and practices, as well as his private medical history, as alleged above.

84. Mr. Lowe informed DOI that he considered DOI's "demand of additional, personal information to be harassment" based on Mr. Lowe's "religious beliefs and practices", which preclude vaccination, as alleged above.

85. However, DOI refused to end its intrusive inquiries into Mr. Lowe's religious beliefs even after Mr. Lowe filed an EEO complaint against DOI.

86. On the contrary, DOI stated that their Human Resources department "may be required" to reach out to Mr. Lowe to extract even more "additional information" regarding Mr. Lowe's religious beliefs and practices, as alleged above.

87. DSD Sandau seemed to admit that DOI's inquiries were intrusive by stating, "I want to avoid saying that we were inquiring about [Mr. Lowe's] personal life and religious practices" in an email to Mr. Lowe's supervisor, as alleged above.

88. Additionally, when Mr. Lowe sought refuge by filing an EEO complaint to end DOI's intrusive inquiries into his religious life, the EEO Program Manager told Mr. Lowe that his religion was "not a religion", and mocked Mr. Lowe's religious beliefs, as alleged above.

89. ER Specialist Gersbach also engaged in unauthorized practice of law, as defined by DOI, in order to coerce Mr. Lowe into divulging personal information regarding his religious beliefs, and his private medical information on the DI-6508 form.

90. Furthermore, DSD Sandau sent Mr. Lowe an email threatening him with disciplinary action "up to and including being removed from your position" if Mr. Lowe did not accept the COVID-19 vaccination by the end of that day despite the fact that Mr. Lowe had complied with the requirements of Executive Order 14043 by engaging in the reasonable accommodation process, as alleged above.

91. DSD Sandau subsequently admitted that the email he sent Mr. Lowe "shouldn't have been sent" because "Mr. Lowe was on the list ER provided showing that he had initiated an RA request and thus he should have been left off the email", as alleged above.

92. However, DSD Sandau never reached out directly to Mr. Lowe to provide clarification or to apologize for erroneously threatening Mr. Lowe with disciplinary action, as alleged above.

93. Furthermore, President Biden's fallacious remarks regarding unvaccinated workers including, but not limited to, "there's no excuse for anyone being unvaccinated", and that if one is unvaccinated, "[y]ou present a problem to yourself, to your family and to those with whom you work" also contributed to DOI's hostile work environment by inflaming the passions of the federal workforce against workers like Mr. Lowe whose religious beliefs or medical conditions preclude vaccination.

94. Thus, Defendants created an intimidating, hostile or offensive working environment for workers whose sincerely held religious beliefs or medical conditions precluded them from vaccination.

95. Moreover, the hostile environment to which Defendants subjected Mr. Lowe affected a term, condition, or privilege of his employment because DOI required Mr. Lowe to work in a discriminatorily hostile or abusive environment.

96. Mr. Lowe also notified his supervisors of the harassment and discrimination he experienced because his sincerely held religious beliefs preclude vaccination, as alleged above.

97. However, DOI failed to take prompt remedial action, as alleged above.

11

98. Therefore, DOI subjected Mr. Lowe to a hostile work environment.

99. As a result of Defendants' conduct, Mr. Lowe suffered damages in an amount to be proven at trial, including economic damages, and damages related to the emotional harm he suffered such as mental anguish, loss of enjoyment of life, injury to professional standing, injury to reputation, and other non-pecuniary losses incurred as a result of Defendants' actions, which were the actual and proximate cause of those damages.

100. Mr. Lowe should also recover his costs and be awarded reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act (Constructive Discharge-Forced Transfer)**

101. Mr. Lowe incorporates by reference paragraphs 1-59 of this Complaint as though set forth fully herein.

102. Mr. Lowe's supervisor expressed "respect and admiration" for Mr. Lowe, and also stated "we could have done great work together", as alleged above.

103. Thus, Mr. Lowe's job performance was satisfactory during the entirety of his employment with DOI.

104. DOI subjected Mr. Lowe to a hostile work environment, as alleged above.

105. In his final email to his supervisor, Mr. Lowe observed, "I have not had any peace in my life since Employee Relations launched its heavy-handed inquisition into my personal religious beliefs and practices", and that the "relentless stress of awaiting nameless bureaucrats whom I've never met to determine whether my religious beliefs are 'valid' and 'sincere' is just too much."

106. Thus, Defendants created working conditions so intolerable that a reasonable person in Mr. Lowe's position would have felt compelled to resign, as alleged above.

107. As a result of Defendants' actions, Mr. Lowe suffered damages in an amount to be proven at trial, including economic damages, and damages related to the emotional harm he suffered such as mental anguish, loss of enjoyment of life, injury to professional standing, injury to reputation, and other non-pecuniary losses incurred as a result of Defendants' actions, which were the actual and proximate cause of those damages.

108. Mr. Lowe should also recover his costs and be awarded reasonable attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Violation of The Religious Freedom Restoration Act

109. Mr. Lowe incorporates by reference paragraphs 1-59 of this Complaint as though set forth fully herein.

110. Defendants substantially burdened Mr. Lowe's exercise of religion by subjecting him to an arbitrary and capricious reasonable accommodation process, by subjecting Mr. Lowe to an intrusive inquiry into his religious beliefs and medical history, by threatening Mr. Lowe with disciplinary action "up to and including" removal from his position because his sincerely held religious beliefs preclude vaccination, and by subjecting Mr. Lowe to a hostile work environment, as alleged above.

111. Thus, Defendants failed to pursue the least restrictive means in furthering their interest in vaccinating the federal workforce.

112. Moreover, Defendants' interest in vaccinating the federal workforce was neither compelling nor legitimate because the COVID-19 vaccine prevented neither contraction nor transmission of the virus.

113. As a result of Defendants' actions, Mr. Lowe suffered damages in an amount to be proven at trial, including economic damages, and damages related to the emotional harm he suffered such as mental anguish, loss of enjoyment of life, injury to professional standing, injury to reputation, and other non-pecuniary losses incurred as a result of Defendants' actions, which were the actual and proximate cause of those damages.

114. Mr. Lowe should also recover his costs and be awarded reasonable attorney's fees.

DATED this 13th day of June 2024

By: __/s/__ *Casey G. Lowe*_____
Casey G. Lowe (SBN 354186)
The Law Office of Casey G. Lowe
E-mail: lowe.casey@gmail.com
Telephone: (858) 736-7561
*Self-represented Plaintiff*

# Exhibit "A"
Final Order
Dated May 20, 2024

**United States Department of the Interior**

OFFICE OF THE SECRETARY

OFFICE OF DIVERSITY, INCLUSION AND CIVIL RIGHTS

Washington, DC 20240

TRANSMITTED VIA ELECTRONIC MAIL

Lowe.casey@gmail.com

Subject:     Final Order
             *Casey Lowe v. Deb Haaland, Secretary, U.S. Department of the Interior*
             Agency Case No. DOI-BLM-22-0026; EEOC Case No. 550-2023-00068X

Dear Casey Lowe:

Pursuant to the U.S. Equal Employment Opportunity Commission's (EEOC's or Commission's) regulations at 29 C.F.R. § 1614.110, the U.S. Department of the Interior (Agency) acts on your (Complainant's) complaint by issuing this Final Order. On April 26, 2024, EEOC Administrative Judge (AJ), Matthew N. Mong, EEOC San Francisco District Office, San Francisco, California, issued to the parties an Order Granting Agency's Motion for Summary Judgment and Issuing Decision Without a Hearing Pursuant to 29 C.F.R. § 1614.109(g). Based on a review of the entire record, AJ Mong determined that there was no evidence in the record to support Complainant's claims and that it was proper to grant summary judgment in favor or the Agency.

On May 16, 2024, the Agency received the Order Granting Agency's Motion for Summary Judgment and Issuing Decision Without a Hearing Pursuant to 29 C.F.R. § 1614.109(g). The U.S. Department of the Interior is fully implementing AJ Mong's Order Granting Agency's Motion for Summary Judgment and Issuing Decision Without a Hearing Pursuant to 29 C.F.R. § 1614.109(g). A Statement of Notice and Rights to Appeal follows.

**APPEAL RIGHTS TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Regulation 29 C.F.R., § 1614.402(a) states that an appeal of an agency's dismissal, final action, or final decision to the EEOC must be filed by an appellant within thirty (30) calendar days of receipt of an agency's decision. If the appellant is represented by an attorney of record, the thirty (30) calendar-day time limit shall begin to run from the date of receipt by the attorney of the notice of dismissal, final action, or final decision.

You may request an appeal online via the EEOC Public Portal at:

https://publicportal.eeoc.gov/portal/

On the EEOC Public Portal, please be sure to indicate your specific Bureau/sub-component.

Final Order
*Casey Lowe v. Deb Haaland, Secretary, U.S. Department of the Interior*
Agency Case No. DOI-BLM-22-0026

For additional information on how to request an appeal through the EEOC Public Portal, visit the EEOC Public Portal User's Guide – Vol 7, at:

https://www.eeoc.gov/sites/default/files/migrated_files/portal/V7-Appeals_to_the_EEOC.pdf

For guidance on writing appeal briefs to the EEOC, visit the EEOC's Guide to Writing Appeal Briefs for Unrepresented Complainants before the EEOC Office of Federal Operations at:

https://www.eeoc.gov/guide-writing-appeal-briefs-unrepresented-complainants-eeoc-office-federal-operations

The appellant shall furnish a copy of the appeal to the Agency at the same time it is filed with the EEOC. A copy of the appeal and any submissions in support thereof shall be forwarded to the Agency at the following address:

>Jennifer Koduru
>Director
>Office of Diversity, Inclusion and Civil Rights
>U.S. Department of the Interior
>doicivilrights@ios.doi.gov

**If you are unable to provide an electronic copy of your appeal, please call 202-208-5693.**

If the appeal is not filed within the thirty (30) calendar-day time limit, the appeal may be dismissed by the Commission. However, the Commission may, at its discretion, extend the time limits and accept the appeal based upon a written statement that there was no actual notification of the time limit, or that a timely Notice of Appeal could not be filed due to extenuating circumstances.

Any statement or brief in support of the appeal must be submitted to the Commission within thirty (30) calendar days of filing of the Notice of Appeal. Any statement or brief in opposition to the appeal must be submitted to the Commission and served on the appellant (or the attorney of record, if represented by an attorney) within thirty (30) calendar days of receipt of the statement or brief supporting the appeal or, if no statement or brief supporting the appeal has been filed, within sixty (60) calendar days of receipt of the appeal.

It is the responsibility of the U.S. Department of the Interior to submit the entire complaint file to the Commission, Office of Federal Operations, within thirty (30) calendar days of initial notification that an appeal has been filed.

## **CIVIL ACTIONS**

The appellant also has the right to file a civil action in an appropriate U. S. District Court. If the

appellant decides to file a civil action, the appellant must file:

- Within ninety (90) calendar days of receipt of the Final Decision, if no appeal has been filed; or

- Within ninety (90) calendar days of receipt of the EEOC's final decision on an appeal; or

- After 180 calendar days from the date of filing an appeal with the EEOC, if there has been no final decision by the EEOC.

If the appellant files a civil action involving this complaint, **the Appellant must specifically name DEB HAALAND, Secretary of the U.S. Department of the Interior, as defendant**. Failure to do so may result in the loss of any judicial redress to which the appellant may be entitled.

If the appellant decides to file a civil action and is unable to afford counsel, the Civil Rights Act gives the Court discretionary authority to appoint Counsel without payment of fees or costs by the appellant. The granting or denial of your request is within the sole discretion of the Court. The request and the civil action **must be filed within ninety (90) calendar days** of the date the final decision is received.

Please note that, "filing of a civil action under §1614.408 or §1614.409 shall terminate EEOC processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing."

Sincerely,

PENNINGTON WINBERG
Digitally signed by PENNINGTON WINBERG
Date: 2024.05.20 16:27:19 -04'00'

_____
Pennington Winberg
Division Director
Adjudication, Compliance, and Equity Division
Office of Diversity, Inclusion and Civil Rights

for Jennifer Koduru
Director
Office of Diversity, Inclusion and Civil Rights


Encl:   Order Granting Agency's Motion for Summary Judgment and Issuing Decision Without a Hearing Pursuant to 29 C.F.R. § 1614.109(g), dated April 26, 2024
cc:     Employment and Labor Law Unit, U.S. Department of the Interior, sol-ellu@sol.doi.gov
        Matthew N. Mong, Administrative Judge, EEOC, matthew.mong@eeoc.gov
        La Shon Cole, EEOD Director, BLM

3