PHILLIP A. TALBERT
United States Attorney
BRENDON L.S. HANSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2780
Facsimile:  (916) 554-2900

Attorneys for Defendant DEBRA A. HAALAND,
in his official capacity as Secretary of the
United States Department of the Interior;

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY G. LOWE,<br><br>        Plaintiff,<br><br>v.<br><br>DEBRA A. HAALAND, in her official capacity as Secretary of the United States Department of the Interior,<br><br>        Defendant. | CASE NO.  2:24-cv-01689-DMC<br><br>**ANSWER TO COMPLAINT BY DEBRA A. HAALAND, SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR** |

Defendant Debra A. Haaland, in her official capacity as Secretary of the United States Department of Agriculture ("Defendant"), hereby answers Plaintiff Casey Lowe's Complaint. ECF No. 1. Except as expressly admitted below, Defendant denies each and every allegation contained in Plaintiff's Amended Complaint.

**PARTIES, JURISDICTION AND VENUE**

1.      Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained within this paragraph at this time, and on that basis denies them.

2.      Deny that Debra A. Haaland is, at all times relevant, the Secretary of the United States Department of Agriculture.  Admit that she is being sued in her official capacity.  Unless expressly

admitted, the remaining parts of this paragraph are denied.

3. Admit.

4. Admit.

5. This paragraph contains conclusions and statements of law, to which no response is required.

6. This paragraph contains conclusions and statements of law, to which no response is required.

## FACTUAL ALLEGATIONS

7. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained within this paragraph at this time, and on that basis denies them.

8. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained within this paragraph at this time, and on that basis denies them.

9. Admit that President Biden issued Executive Order 14043. Unless expressly admitted, the remaining parts of this paragraph are denied.

10. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained within this paragraph at this time, and on that basis denies them.

11. Admit that in response to an October 4, 2021 email from his supervisor, Kim Ferguson, on October 4, 2021, Plaintiff emailed Ms. Ferguson stating that "it does appear likely that I will require a religious exemption/accommodation to continue in my position past the 11/22/21 deadline, based on my understanding of the current guidance." Unless expressly admitted, the remaining parts of this paragraph are denied.

12. Admit that in response to Plaintiff's October 4, 2021 email, Ms. Ferguson informed Plaintiff that "[m]y understanding is there is no official form or process at this time, however, we don't want to wait in getting the exemption request submitted. Please submit your request to our Employee Relations POC's, Edwin Ortiz and Lindsey Gersbach. They will be able to direct you on the next steps needed." Unless expressly admitted, the remaining parts of this paragraph are denied.

13. Admit that on October 6, 2021, Plaintiff sent an email to initiate the process for obtaining a religious accommodation for the federal workforce vaccine mandate issued by the Biden

Administration through Executive Order No. 14043. Unless expressly admitted, the remaining parts of this paragraph are denied.

14. Admit.

15. Admit that on October 6, 2021, Plaintiff responded to an email asking for an explanation of the reasonable accommodation religious exemption process. Unless expressly admitted, the remaining parts of this paragraph are denied.

16. Admit that on October 8, 2021, an email was sent to Plaintiff stating "there is currently not a laid-out process for religious exemptions. You can choose to provide me with additional information, or I can submit your question as is. When there is additional information, or forms from the DOI I will disseminate them." Unless expressly admitted, the remaining parts of this paragraph are denied.

17. Denied.

18. Admit that Plaintiff emailed ER Specialist Gersbach later that day (October 8, 2021). Unless expressly admitted, the remaining parts of this paragraph are denied.

19. Admit that on October 14, 2021, ER Specialist Gersbach emailed Plaintiff a document titled DI-6508 Intake Form RA Religious Belief_508_v3(1)(1). Unless expressly admitted, the remaining parts of this paragraph are denied.

20. Admit that DI-6508 presented ten (10) questions regarding an employee's request for reasonable accommodation religious exemption. Unless expressly admitted, the remaining parts of this paragraph are denied.

21. Admit that Question #6 from DI-6508 stated "if there are any other medicines or medical products that you do not use because of the belief, observance, or practice identified in Question #1, please identify them". Unless expressly admitted, the remaining parts of this paragraph are denied.

22. Admit that on October 22, 2021, Plaintiff emailed ER Specialist Gersbach a partially completed DI-6508. Unless expressly admitted, the remaining parts of this paragraph are denied.

23. Admit that Plaintiff's October 22, 2021 email contained additional text related to his request for a religious exemption. Unless expressly admitted, the remaining parts of this paragraph are denied.

24. Admit.

25. Denied.

26. Admit.

27. Deny that ER Specialist Gersbach requested more information, but admits the remaining parts of this paragraph.

28. Admit.

29. Deny the timing of the subject email, but admits that then Principal Deputy Solicitor Robert T. Anderson issued an email to all DOI employees with the subject heading, "The Departments Legal Work and Unauthorized Practice of Law."

30. Admit.

31. Admit that Principal Deputy Solicitor Robert T. Anderson's email stated that legal work is broadly defined and includes providing advice regarding the interpretation and application of all legal authority, including statutes, judicial decisions, executive and other orders, and regulations, affecting actions proposed or taken under the Department's programs or operations. Unless expressly admitted, the remaining parts of this paragraph are denied.

32. Admit that Plaintiff emailed Supervisor Sherri "Kim" Ferguson that he believed he received legal advice from ER Specialist Gersbach. Unless expressly admitted, the remaining parts of this paragraph are denied.

33. Admit that on October 25, 2021, Plaintiff emailed ER Specialist for clarification. Unless expressly admitted, the remaining parts of this paragraph are denied.

34. Admit that on October 25, 2021, Plaintiff submitted a signed DI-6508. Unless expressly admitted, the remaining parts of this paragraph are denied.

35. Admit that in his email to ER Specialist Gersbach, Plaintiff expressed what he believed was harassment. Unless expressly admitted, the remaining parts of this paragraph are denied.

36. Denied.

37. Admit.

38. Admit that Equal Employment Program Manager Denise Haynes admits that Plaintiff contacted her office via telephone on October 25, 2021 advising that he wanted to file an EEO

1  complaint, and she conducted an initial interview with him to collect the information necessary to file
2  the complaint. Unless expressly admitted, the remaining parts of this paragraph are denied.

3        39.    Denied.

4        40.    Denied.

5        41.    Denied.

6        42.    Denied.

7        43.    Admit that on November 3, 2021, Plaintiff voluntarily resigned from his role at BLM.
8  Unless expressly admitted, the remaining parts of this paragraph are denied.

9        44.    Admit.

10       45.    Admit.

11       46.    Admit.

12       47.    Admit that from November 9, 2021 to November 15, 2021, DSD Sandau deliberated with
13 Ms. Ferguson and Teresa Miskowic about how to respond to Plaintiff's request that the BLM grant his
14 request for a "reasonable accommodation for religious exemption to comply [with] Executive Order,
15 [i]ntrusive inquiries to stop, and [c]ompensatory damages. Unless expressly admitted, the remaining
16 parts of this paragraph are denied.

17       48.    Admit that DSD Sandau deliberated with Ms. Ferguson and Teresa Miskowic about how
18 best to articulate draft language responsive to Plaintiff's demands, and in response to a preceding draft.
19 In that process, DSD Sandau edited language, and when explaining why he edited a sentence, he then
20 stated, "I want to avoid saying that we are inquiring about [Plaintiff's] personal life and religious
21 practices. Unless expressly admitted, the remaining parts of this paragraph are denied.

22       49.    Admit that on November 16, 2021, it sent Plaintiff a letter titled Notice of Final Interview
23 and Notice of Right to File a Formal Complaint of Discrimination. Unless expressly admitted, the
24 remaining parts of this paragraph are denied.

25       50.    Denied.

26       51.    Denied.

27       52.    Admit that on November 23, 2021, Joel D. Chandler, BLM's Safety & Occupational
28 Health Manager, sent multiple employees, including Plaintiff, a form email reminding them to either

request a reasonable accommodation exemption or provide proof of a Covid-19 vaccination. Plaintiff received the email in error. Unless expressly admitted, the remaining parts of this paragraph are denied.

53. Admit that DSD Sandau and Joel D. Chandler, BLM's Safety and Occupational Health Manager, sent multiple employees, including Plaintiff, a mirroring form email reminding them to either request a reasonable accommodation exemption or providing proof of a Covid-19 vaccination, by November 22, 2021, because it was the Agency's deadline. Unless expressly admitted, the remaining parts of this paragraph are denied.

54. Admit that on November 23, 2021, in response to the email he received from Mr. Chandler, Plaintiff emailed his supervisor, "[p]lease confirm with this gentleman that I am working with you to obtain a reasonable accommodation so I can stop receiving these threatening emails (received three in the last two days)." Unless expressly admitted, the remaining parts of this paragraph are denied.

55. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

56. Deny that Plaintiff was not contacted regarding the email he received in error.

57. Admit that on December 1, 2021, Human Resources Officer Patricia "Patti" Kepley forwarded Plaintiff emails from the USDA stating that his onboarding would be delayed due to an Agency mandate requiring new hires to either have proof of vaccination before coming on board or submit a request for a reasonable accommodation. Unless expressly admitted, the remaining parts of this paragraph are denied.

58. Denied.

59. Admit.

## FIRST CLAIM FOR RELIEF

### Violation of Title VII of Civil Rights Act (Failure to Accommodate)

60. This paragraph contains an allegation of Plaintiff incorporating by reference the foregoing paragraphs of the Complaint, to which no response is required. To the extent a response is required, Defendant denies these allegations.

61. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

62. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

63. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

64. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

65. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

66. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

67. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

68. Denied.

69. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

70. Denied.

71. Denied.

72. Denied.

73. Admit that upon learning that Plaintiff erroneously received an email, DSD Sandau informed Plaintiff's supervisor that, "the email that I sent to Mr. Lowe, which was not harassing or threatening and was sent to many other employees, shouldn't have been sent. Mr. Lowe was on the list ER provided showing that he had initiated a RA request and thus he should have been left off the email. It was my error. That said, he's fine and won't be receiving more notices (except perhaps those sent to all employees). I think you can just let the process run its course." Unless expressly admitted, the remaining parts of this paragraph are denied.

74. Admit that DSD Sandau did not directly contact Plaintiff about the email sent in error. Unless expressly admitted, the remaining parts of this paragraph are denied.

75. This paragraph contains conclusions and statements of law, to which no response is

required. To the extent a response is required, Defendant denies these allegations.

76. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

77. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

78. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

79. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

## SECOND CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act (Hostile Work Environment)**

80. This paragraph contains an allegation of Plaintiff incorporating by reference the foregoing paragraphs of the Complaint, to which no response is required. To the extent a response is required, Defendant denies these allegations.

81. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

82. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

83. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

84. Admit that Plaintiff stated that he believed that the request of additional, personal information to be harassment based on [Plaintiff's] religious beliefs and practices. Unless expressly admitted, the remaining parts of this paragraph are denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

95. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

96. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

97. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

98. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

99. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

100. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

### THIRD CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act (Constructive Discharge-Forced Transfer)**

101. This paragraph contains an allegation of Plaintiff incorporating by reference the foregoing paragraphs of the Complaint, to which no response is required. To the extent a response is required, Defendant denies these allegations.

102. Denied.

103. Denied.

104. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

105. Denied.

106. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

107. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

108. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

### FOURTH CLAIM FOR RELIEF

**Violation of the Religious Freedom Restoration Act**

109. This paragraph contains an allegation of Plaintiff incorporating by reference the foregoing paragraphs of the Complaint, to which no response is required. To the extent a response is required, Defendant denies these allegations.

110. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

111. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

112. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

113. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

114. This paragraph contains conclusions and statements of law, to which no response is required. To the extent a response is required, Defendant denies these allegations.

### AFFIRMATIVE DEFENSES

Defendant states the following Affirmative Defenses to Plaintiff's Complaint.

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. The court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

3. Plaintiff's claims may not proceed to the extent Plaintiff failed to timely, fully and/or sufficiently exhaust available administrative remedies.

4. Plaintiff is barred from bringing any claim for which she did not timely comply with applicable regulations and statutes of limitations and/or timely exhaust administrative remedies.

5. Plaintiff cannot show the reasons for Defendant's actions were pretextual.

6. Defendant and his agents exercised reasonable care to prevent and correct promptly any allegedly discriminatory, harassing, or improper conduct.

7. Defendant and his agents had legitimate, non-discriminatory, non-retaliatory reasons that were not pretextual for taking the actions related to the subject of Plaintiff's Amended Complaint.

8. Plaintiff has failed to establish a prima facie case of discrimination or retaliation of any kind.

9. Although Defendant denies that any action was taken against Plaintiff for any illegal motive, for every action that Plaintiff complains was taken pursuant to an illegal motive, Defendant and his agents would have taken the same actions regardless of any alleged illegal motive based on legitimate, non-discriminatory, non-retaliatory reasons.

10. Although Defendant denies any illegal or improper actions, for every act of which Plaintiff complains, the Defendant's action was excused, privileged, and/or consented to by Plaintiff.

11. If Plaintiff sustained any damage or loss, which Defendant denies, the damage or loss was not caused by any improper or illegal act by the Defendant or his agents.

12. Defendant denies that he or his agent engaged in any conduct that proximately caused the injury, damage, and loss allegedly incurred by Plaintiff.

13. To the extent Plaintiff failed to mitigate her damages, any damages to which he may be entitled must be reduced in proportion thereto.

14. If Plaintiff sustained any damage or loss, which Defendant denies, recovery is limited by statute, including 42 U.S.C. § 1981a(b)(3), and he cannot recover more than allowable by law.

15. If Plaintiff sustained any damage or loss, which Defendant denies, he cannot recover punitive damages under Title VII. 42 U.S.C. § 1981a(b)(1).

16. If Plaintiff sustained any damage or loss, which Defendant denies, the damage or loss was caused or contributed to by Plaintiff's own acts or omissions.

17. If Plaintiff sustained any damage or loss, which Defendant denies, the same was caused or contributed to by the acts or omissions of persons or parties other than Defendant and over whom Defendant had no control or right of control.

18. If Plaintiff sustained any damage or loss, which Defendant denies, the damage or loss must be offset against and reduced by all amounts earned by Plaintiff in mitigation of her loss.

19. If any recovery or award is made against Defendant, income taxes must be deducted from all alleged lost earnings, if any.

20. Plaintiff's recovery, if any, must be reduced by any benefits compensating the same loss.

21. Plaintiff's recovery, if any, must be offset by those benefits which Plaintiff has received or will receive in the future from the United States, or from any state or local agency that receives funds from the United States, such as Social Security, Medicare, Medi-Cal, and Tri-Care benefits.

22. If any recovery or other award is made against Defendant, Plaintiff is only entitled to such interest as is allowable by law.

23. Plaintiff's future damages, if any, must be reduced to present value.

24. Plaintiff is not entitled to a jury trial on any claim for equitable relief.

25. Some or all actions complained of in the Complaint were not adverse actions subject to redress under Title VII.

26. Defendant and his agents at all times acted in good faith.

27. Defendant reserves the right to amend his answer with additional defenses of which he may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant prays that the Plaintiff take nothing, that judgment be rendered in favor of Defendant for costs of suit incurred and for such further relief as this Court may deem just and proper.

//
//
//
//

Dated: September 16, 2024                                   PHILLIP A. TALBERT
                                                            United States Attorney

                                                    By:  /s/ Brendon L.S. Hansen
                                                            BRENDON L.S. HANSEN
                                                            Assistant United States Attorney