PHILLIP A. TALBERT
United States Attorney
BRENDON L.S. HANSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2780
Facsimile: (916) 554-2900

Attorneys for Defendant DEBRA A. HAALAND,
in his official capacity as Secretary of the
United States Department of the Interior;

Casey G. Lowe (SBN 354186)
lowe.casey@gmail.com
The Law Office of Casey G. Lowe
2604 Sean Way
Mount Shasta, CA 96067
Telephone: (858) 736-7561

Self-represented Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY G. LOWE,<br><br>               Plaintiff,<br><br>v.<br><br>DEBRA A. HAALAND, in her official capacity as Secretary of the United States Department of the Interior,<br><br>               Defendant. | CASE NO. 2:24-cv-01689-DMC<br><br>**JOINT STATUS REPORT** |

       Pursuant to the Court's Order, ECF No. 14, and under Local Rule 240, Plaintiff Casey Lowe, and Defendant Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior, submit this Joint Status Report.

Plaintiff's Statement: Plaintiff filed this Title VII religious discrimination action alleging that Defendant failed to reasonably accommodate Plaintiff's sincerely held religious beliefs, which preclude vaccination, and that Defendant subjected Plaintiff to a hostile work environment leading to Plaintiff's forced transfer to another federal agency. Plaintiff also alleges that Defendant violated Plaintiff's rights under the Religious Freedom Restoration Act by burdening Plaintiff's exercise of religion by subjecting Plaintiff to an arbitrary and capricious reasonable accommodation process, by subjecting Plaintiff to an intrusive inquiry into his religious beliefs and practices, by threatening Plaintiff with disciplinary action "up to and including" removal from his position because Plaintiff's sincerely held religious beliefs preclude vaccination, and by subjecting Plaintiff to a hostile work environment. Plaintiff asserts causes of action under Title VII for Failure to Accommodate, Hostile Work Environment and Forced Transfer (Constructive Discharge). Plaintiff also asserts the above-referenced cause of action under the Religious Freedom Restoration Act for the substantial burden Defendant imposed on Plaintiff's exercise of religion.

Defendant's Statement: Defendant denies liability and damages.

**1.  Status of Service.**

Debra Haaland, as secretary of the Department of the Interior, is now the only defendant in this action and has been properly served.

**2.  Jurisdiction and Venue.**

Plaintiff alleges that jurisdiction is proper under 28 U.S.C. §§ 1331, 1346, and 1361. Defendant admits that jurisdiction is proper under 28 U.S.C. § 1331.

The parties agree that venue is proper in this district under 28 U.S.C. § 1391(e)(1).

**3.  Other Procedures.**

None.

**4.  Joinder of Additional Parties and Amendment of Pleadings.**

None at this time.

**5.  Simplification of Issues.**

The parties are unaware how this matter may be simplified at this time.

///

**6.     Variance from Usual Filing and Service Requirements.**

None at this time.

**7.     Anticipated Motions and Scheduling of Motions.**

The parties propose the scheduling of motions set forth in Section 11.  Defendant anticipates moving for summary judgment and/or adjudication.

**8.     Anticipated Discovery and Scheduling of Discovery.**

  1.     <u>Rule 26(a) Initial Disclosures</u>.

See Section 11.

  2.     <u>Subjects of Discovery</u>.

Plaintiff anticipates discovery will be required related to Defendant's claims and defenses. Plaintiff will also require discovery from Defendant's expert witnesses, if any.

Defendant anticipates that discovery will be needed on the following topics: the facts and circumstances surrounding Plaintiff's alleged constructive discharge from his employment, the nature, extent, responsibility and/or cause of Plaintiff's alleged injuries and damages; and Plaintiff's mitigation of damages.

  3.     <u>Limitations/agreements re Discovery</u>.

At this time, the parties do not propose changes to the limits on discovery. The parties reserve the right to seek such changes, but will meet and confer to try to resolve this issue and submit a stipulation before requesting the Court's involvement.

The parties agree to accept service via e-mail and the Department of Justice's cloud-based filesharing platform, USAfx, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

  4.     <u>Production of Electronically Stored Information</u>.

The parties agree that the form in which documents are produced will be governed by Rule 34(b)(2)(E). The parties have agreed that electronically-stored documents may be produced in PDF format, with the requesting party reserving the right to request native format.

  5.     <u>Expert Witnesses.</u>

See Section 11.

///

**9. Avoidance of Unnecessary Proof.**

The parties are not presently aware of any additional methods that can be used to avoid unnecessary proof and cumulative evidence, or of any anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702.

**10. Possibility of Admissions and Stipulations.**

It is unknown at this time what admissions and stipulations, if any, may be appropriate.

**11. Future Proceedings, Including Cut-Off Dates for Discovery and Law and Motion and Scheduling of Pretrial Conference/Trial.**

The parties propose the following schedule:

| Event | Deadline |
| --- | --- |
| Rule 26(a)(1) Disclosures | October 16, 2024 |
| Fact Discovery Cut-Off | November 7, 2025 |
| Initial Expert Disclosures | October 24, 2025 |
| Rebuttal Expert Disclosures | November 14, 2025 |
| Expert Discovery Cut-Off | December 19, 2025 |
| Dispositive Motion Filing Deadline | February 20, 2026 |
| Pre-Trial Conference | May 2026 |
| Trial (5 Court Days) | June 2026 |

**12. Appropriateness of Special Procedures.**

None at this time.

**13. Appropriateness of Separate Trials.**

None at this time.

**14. Appropriateness of a Party Presenting Evidence Early.**

None at this time.

**15. Modification of Standard Pretrial Procedures.**

None at this time.

**16.    Timing for Settlement Discussions.**

Plaintiff stands ready to engage with Defendant in productive settlement discussions.

Defendant states that it is unknown at this time when or if settlement discussions may be appropriate.

**17.    Appropriateness of VDRP or ADR.**

Plaintiff stands ready to engage in the Voluntary Dispute Resolution Program to the extent that such participation would be productive.

Defendant states that it is unknown this time when or if participation in the VDRP or ADR may be appropriate.

**18.    Other Matters.**

<u>Plaintiff's Statement</u>: Plaintiff clarifies that he does not "demand" to be identified by any particular nomenclature. Rather, Plaintiff seeks only the respect and deference duly given to any licensed attorney and member of the California Bar Association who is admitted to practice in the Eastern District. Plaintiff has sincerely attempted to cultivate a collegial and professional relationship with opposing counsel. However, those overtures often seem to be met with condescension focusing on Plaintiff's perceived status as a "pro se litigant". Thus, opposing counsel seems to employ the term "pro se litigant" as a pejorative from Plaintiff's perspective. Therefore, Plaintiff seeks only to clarify that he expects opposing counsel to treat Plaintiff with the same respect and deference that Plaintiff has shown opposing counsel. Accordingly, Plaintiff gladly defers to whatever nomenclature this Court deems appropriate.

<u>Defendant's Statement</u>: Plaintiff now demands to be called a "self-represented Plaintiff," instead of a "*pro se*" litigant, at least in part based on the Court's statement that, "Plaintiff, who is proceeding *with* retained counsel, brings this civil action." ECF No. 14, line 17 (emphasis added).  The defense believes that Plaintiff desires this change to pursue an attorney's fee award under 42 U.S.C. § 2000-e5(k) in the future, which is belied by the authority.  Although Plaintiff is an attorney, Plaintiff is proceeding in this action without retained counsel.  If appropriate, Defendant requests that the Court clarify the statement contained in line 17 of ECF No. 14.

Dated: October 8, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ Brendon Hansen
BRENDON L.S. HANSEN
Assistant United States Attorney

Dated: October 8, 2024

/s/ *Casey G. Lowe*

CASEY G. LOWE (SBN 354186)
Plaintiff