IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY LOWE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEBRA A. HAALAND,<br><br>　　　　　Defendant. | No.  2:24-cv-01689-DMC<br><br><br>ORDER |

Plaintiff, who proceeds pro se, brings this civil action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 10 (minute order reassigning action). Pending before the Court is Plaintiff's motion to compel. See ECF No. 19.

**I. BACKGROUND**

Initial disclosures were due by October 16, 2024 and non-expert discovery closes November 7, 2025. See ECF No. 17.  Parties participated in an informal discovery conference on February 18, 2025. See ECF No. 18. There, parties agreed to meet and confer and conduct informal conferences between themselves before filing motions to compel. Plaintiff filed the motion to compel on May 2, 2025. See ECF No. 19. Generally, Defendant contends that this motion is premature because Plaintiff did not attempt to resolve the issue with Defendant before

1

filing this motion. See ECF No. 20, pg. 4. Additionally, Defendant shared that the "attorney previously assigned to this matter elected in about mid-April 2025 to participate in the Deferred Resignation Program. The matter has now been reassigned but the remaining attorneys have been impacted by the DRP and has again delayed response." Id.

Plaintiff asserts a number of objections to specific responses to Plaintiff's discovery requests, discussed in detail below. Plaintiff contends that Defendant has acted in bad faith throughout discovery by "abus[ing] Plaintiff's good will by breaking specific commitments to Plaintiff, doubling down on demonstrably provable falsehoods, burdening Plaintiff with a deficient document production, and making a mockery of the meet and confer process." ECF No. 20, pg. 33. To remedy this, Plaintiff requests attorneys fees of $4,725 for the 18.9 hours Plaintiff spent "in meeting and conferring (including the IDC), drafting a ten-page meet and confer letter, researching and drafting the instant motion and joint statement, preparing for the subsequent hearing, as well as drafting dozens of correspondences to Defendant, most of which were ignored." Id. Plaintiff additionally requests sanctions pursuant to Rule 37. Defendant contends that Plaintiff filed this motion prematurely and fails to show any further response should be compelled. See id.

A. **Availability of Attorney's Fees for Pro Se Litigants**

Plaintiff contends that awarding attorney's fees to pro se litigants is within the court's inherent power, citing two Eastern District orders in support. See ECF No. 20, pg. 32 (2:24-cv-1689-DMC) (citing Jacobs v. Scribner, No. 1:06-cv-01280-AWI-GSA-PC, 2011 U.S. Dist. LEXIS 4297, at *2-3 (E.D. Cal. Jan. 11, 2011) and Timberland v. Mascarenas, No. 1:16-cv-00922-, 2020 U.S. Dist. LEXIS 47228, at *7-8 (E.D. Cal. Mar. 18, 2020). In Timberland, the Court found that

> with respect to pro se litigants, including those that are licensed attorneys, the general rule is that attorneys' fees are not a payable 'expense' under Rule 37 'as there is no direct financial cost or charge associated with the expenditure of one's own time' . . . the 'reasonable expenses' awardable under Rule 37 do include, however, 'actual costs incurred as a result of misconduct.'
>
> Id. (quoting Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1375 (Fed. Cir. 2002).

Thus, Plaintiff is not entitled to attorney's fees and the undersigned will deny Plaintiff's request to award attorney's fees.

B. **Format Dispute**

Plaintiff contends that when Defendant produced responsive documents on April 23, 2025, the production

> consisted of nearly 12,000 pages with no coherent organization whatsoever. [See Exhibit 17]. Defendant did not provide an index, nor did Defendant organize the documents into folders corresponding to the request numbers. [See Exhibit 17]. On the contrary, all of the documents were placed in only two folders, both of which were labelled as responsive to Request for Production ("RFP") No. 13, despite the vast majority of those documents' content indicating that they were not responsive to RFP No. 13. [See Exhibit 17].
> In fact, many of the documents Defendant produced do not seem responsive to any of Plaintiff's requests. [See Exhibit 17]. That production included seven copies of the same 13-page document, as well as numerous files that were password protected for reasons unknown, among other deficiencies. [See Exhibit 17]. Plaintiff reached out to Defendant's counsel three times to request those passwords, and to notify him of the above-referenced deficiencies. [See Exhibit 12 and Exhibit 17]. Unfortunately, opposing counsel chose to ignore those communications. [See Exhibit 12 and Exhibit 17].
> Therefore, Plaintiff granted multiple good faith extensions, and patiently awaited Defendant's document production for over four months, only to be rewarded with a deficient production containing documents that were not provided in any reasonably useable form.

ECF No. 20, pg. 3.

The Court will not accommodate any disputes between parties that can easily be resolved if handled with professionalism and cooperation. Neither side is obligated to do work for the other in terms of labeling and organizing files, but the baseline expectation is to produce all non-privileged responsive documents in the form they are kept and of course, parties must provide the necessary passwords to access the documents. Deviation from these baseline expectations will not be tolerated and may result in sanctions going forward.

C. **Footnotes**

Plaintiff contends that, in a number of their responses, Defendant deleted the footnotes Plaintiff had in the original requests and then, Defendant responded claiming that the Interrogatory lacked context necessary for Defendant to respond. See ECF No. 20, pgs. 10-14; 18-19 and 23. This is asserted for Interrogatory Nos. 5, 6, 7, and 15. See id. Defendant did not

3

admit to this but, most of their supplemental responses raise other concerns or respond to the interrogatory. See id. at 11-12, 14 and 19. Similarly, Plaintiff asserts that Defendant deleted a footnote when responding to Interrogatory No. 11 and then claimed that the interrogatory "assumes facts not in evidence," when, according to Plaintiff, the citation provided the evidence Defendant needed. Id. at 18-19. Plaintiff contends that "quite frankly, intentionally deleting a citation to specific evidence supporting an interrogatory, and then claiming, 'there is no evidence' supporting that interrogatory is so unconscionable in Plaintiff's estimation, that it constitutes a fraud upon the court." Id. at 19.

Typically, when crafting interrogatories, the question should be complete on its' own and an interrogatory should not rely on footnotes. Plaintiff is advised that breaking the requests down into multiple steps, each request referring and building off one another, is best practice to ensure your requests are clear in and of themselves. There is nothing to indicate that the removal of the footnotes was intentional, or not otherwise resolved in subsequent supplemental responses, as any such removal was apparently done by Defendant's prior counsel. Thus, the undersigned does not find this conduct amounts to bad faith nor would sanctions be appropriate given the change of counsel.

**D.    Attorney-Client Privilege and/or Attorney Work Product**

Defendant asserts that they cannot respond to a number of interrogatories and requests for production on the basis of attorney-client privilege and/or attorney work product. The is no record of Defendant providing a privilege log in response to these requests. The relevant requests are:

| | |
|---|---|
| Interrogatory No. 1 | Identify all persons answering or providing information used in answering these interrogatories, and provide the business address, business phone number, and title within the agency. ECF No. 20, pgs. 5-7. |
| Interrogatory No. 4 | Explain in detail the role of the "legal team", to which Employee Relations Specialist Lindsey Gersbach ("ER Specialist Gersbach") referred in her October 6, 2021, email to Plaintiff, in Defendant's reasonable accommodation process. Id. at 7-9. |

///

4

| | |
|---|---|
| Interrogatory No. 5: | Explain in detail why Defendant lacked a "laid-out process" [Footnote 1: Email from ER Specialist Gersbach to Plaintiff dated October 8, 2021.] for reasonable accommodation requests from employees whose sincerely held religious beliefs precluded them from compliance with the vaccination requirement of Executive Order 14043. Id. at 9-12. |
| Request for Production No. 3: | All documents, discussions, communications, and electronic media relating to the role of Defendant's "legal team" in evaluating reasonable accommodation requests to the vaccination requirement mandated by Executive Order 14043. Id. at 25-26. |
| Request for Production No. 6: | All documents, discussions, communications, and electronic media relating to Defendant's evaluation of Plaintiff's reasonable accommodation request. Id. at 27-28. |
| Request for Production No. 7: | All documents, discussions, communications, and electronic media relating to Defendant's evaluation of Plaintiff's formal EEO complaint. Id. at 28. |
| Request for Production No. 12: | All documents, discussions, communications, and electronic media relating to the composition of Defendant's DI-6508 form. Id. at 28-30. |
| Request for Production No. 13: | All documents, discussions, communications, and electronic media relating to Defendant's response to Plaintiff's informal EEO complaint. Id. at 30. |
| Request for Production No. 14: | All documents, discussions, communications, and electronic media relating to Employee Relation's Specialist Lindsey Gersbach's statement to Plaintiff that the information requested on Defendant's DI-6508 form "is not in violation of any law and does not violate HIPAA." Id. at 30. |

Where Defendant is raising privilege as an objection, the Court expects Defendant to produce a privilege log to properly assert that privilege. These attempted assertions of Privilege are at best defective, absent a timely privilege log, if not waived entirely. Thus, Defendant is directed to respond in full to these requests or produce a privilege log if to assert such privilege. Each request is discussed individually below.

///

///

1. Interrogatory No. 1

In response to Interrogatory No. 1, Defendant asserted attorney-client privilege and, without waiving the objection, responded "Defendant relied on the record in Plaintiff's possession to respond to interrogatories." Id. at 5. Plaintiff contends that "attorney-client privilege does not seem to apply here" and Defendant's response "indicate[s] that Defendant did not consult any sources outside of the Record of Investigation ("ROI") compiled during the EEOC process. Thus, Defendant's invocation of the attorney-client privilege here is frivolous because no privileged information seems to exist based on Defendant's own statement." Id. at 6. Plaintiff additionally asserts that Defendant failed to comply with FRCP Rule 26(g) "because Defendant does not appear to have consulted any sources outside the ROI in responding to these interrogatories." Id.

Defendant's position is that during parties meet and confer, Defendant added a responsive individual to this interrogatory. See id. Defendant maintains that attorney-client privilege applies "because this interrogatory demands the disclosure of information between the undersigned and the Department of the Interior attorney, which is privileged and wholly irrelevant to the response to this interrogatory (and all interrogatories). Defendant has agreed to supplement such response, but any further response should not be compelled." Id. at 6-7.

The Court finds attorney-client privilege is inapplicable here and Defendant should therefore be compelled to respond to Interrogatory No. 1. Attorney-client privilege does not extend to underlying facts of a communication that may be protected by such privilege. See Upjohn Co. v. United States, 449 U.S. 383, 396 (1981). As such, providing the names and contact information for the individuals who assisted in responding to the interrogatories, an underlying fact rather than the substance of any communication, is not protected by attorney-client privilege. Thus, Defendant's objection as to attorney-client privilege is overruled and Plaintiff's motion to compel as to Interrogatory No. 1 will be granted.

///

///

///

2.         Interrogatory No. 4

Defendant contends that response to Interrogatory No. 4 is barred by attorney-client privilege and attorney work product. See id. at 7. Additionally, Defendant asserts that the request "is irrelevant for accepted claims in the administrative process." Without waiving these objections, Defendant responded: "as described in the Defendant's publicly available Personal [sic] Bulletin 21-03, regarding the reasonable accommodation process, the role of the Office of the Solicitor (SOL), Employment and Labor Law Unit (ELLU) is to provide legal counsel to agency officials relevant to reasonable accommodation laws, rules, and regulations." Id.

Plaintiff asserts that attorney-client privilege and attorney work product to not apply and Defendant's response directing Plaintiff to a publicly available document indicates that the "objection is frivolous and does not apply." Id. at 8. Additionally, Plaintiff states that he was unable to find Personnel Bulletin 21-03 and could only find a document describing Personnel Bulletin 21-03. Id. at 8. Plaintiff further contends that Defendant's answer contradicts what was stated by ER Specialist Gersbach ("For a religious accommodation I will need to submit your request to the legal team." Exhibit 14). See id. at 9. Thus, Plaintiff concludes that "Defendant's response to this interrogatory is evasive and incomplete on its face." Id.  Defendant contends that their "response to this interrogatory is full and complete" and if Plaintiff is seeking more information on "the specific role of the 'legal team' in providing advice to Ms. Gersbach or the advice provided to Ms. Gersbach or the advice provided to Ms. Gersbach regarding Plaintiff," such information is privileged. Id. at 9.

Despite Defendant's position that it is publicly available, Plaintiff is unable to find Personnel Bulletin 21-03 Thus, the Court will direct Defendant to produce Personnel Bulletin 21-03 within 14 days of this order. Beyond that, the Court finds that Defendant's response is sufficient in describing the role of the legal team. Thus, the undersigned will deny Plaintiff's motion to compel as to this request.

3.         Interrogatory No. 5

In addition to asserting that response to Interrogatory No. 5 would violate attorney-client privilege and attorney work product doctrine, Defendant asserts that No. 5 "constitutes a

1  conclusion of law and are factual allegations to which no response is required. Further objection
2  is made that this interrogatory provides no context for such statement and is unintelligible." Id. at
3  10. Defendant responds, without waiving the objection, as follows:

> Complainant's request was complex questions surrounding COVID-19, vaccines and testing and Defendant was prudent in consulting the Solicitor's Office to thoroughly evaluate the request. Complainant's request was among hundreds of COVID-related reasonable accommodation requests being adjudicated by Defendant at the very same time. See Initial Appeal, p. 17 (FAD, April 19, 2022).
> Id.

8  Plaintiff contends that Defendant is acting in bad faith by failing to acknowledge
9  that Plaintiff's footnote provides the context that Defendant maintains is lacking. See id. at 11.
10 Additionally, Plaintiff contends that because the supplemental response added the objection of
11 attorney-client privilege and attorney work product doctrine, "Defendant's supplemental response
12 actually moved the parties further apart, making a mockery of the meet and confer process." Id.
13 Defendant asserts that their supplemental response is a full and complete response to this
14 interrogatory and "no further response is necessary". See id. at 12. Defendant claims that Plaintiff
15 is objecting to the response because Plaintiff does not like the answer, which does not require
16 additional response from Defendant. See id.
17 The Court finds that, as phrased, Interrogatory No 5, is vague, but that despite this
18 issue, Defendant did provide an adequate response. Therefore, Plaintiff's motion to compel as to
19 this request is denied.

    4.  Request for Production No. 3

21 Defendant asserts that documents responsive to Request for Production No. 3 is
22 protected by attorney-client privilege but, without waiving that objection, directs Plaintiff to
23 Personnel Bulletin 21-03. See id. at 25. Plaintiff contends that Defendant's assertion of privilege
24 is undercut by the fact that Defendant's response is a publicly available document. See id. at 26.
25 Additionally, Plaintiff was only able to locate a document describing Personnel Bulletin 21-03,
26 not the document itself. See id. Further, Plaintiff contends that, based on the document describing
27 Personnel Bulletin 21-03, it "does not seem to address the legal team's role in evaluating
28 reasonable accommodation requests. Instead, it seems to offer only a vague, boilerplate statement

regarding "laws, rules, and regulations." Id. Defendant maintains that the response is "full and complete" and, to the extent that "Plaintiff is seeking information protected by the attorney-client privilege, such information is not properly disclosed by this request." Id.

As previously discussed, Defendant must submit a privilege log to properly assert attorney-client privilege and is directed to produce Personnel Bulletin 21-03. Additionally, the Court will order production of responsive documents and, to the extent such production is barred by privilege, Defendant is directed to produce a privilege log. Parties are reminded that they are bound to their responses in discovery and therefore, if Defendant maintains they have no responsive documents, that is not a discovery dispute but rather an evidentiary one that can be handled during litigation.

                5.        Requests for Production Nos. 6, 7, 12, 13, and 14

Defendant objects to Requests for Production Nos. 6, 7, 13, and 14, asserting that the information is protected by attorney client privilege and "the request is vague, ambiguous, and overbroad." Id. at 27-30. Without waiving those objections directs Plaintiff to Report of Investigation, Agency Case No. DOI-BLM-22-0026 (ROI). See id. Plaintiff contends that "it is unclear why Defendant objected to this request" given that Defendant also directed Plaintiff to the ROI. Id. at 28. Plaintiff requests that "Defendant [] identify what materials are being withheld to either of the asserted privileges pursuant to Rule 34(b)(2)(C)." Id. at 28. Defendant maintains that "subject to objection, the response is full and complete." Id. Defendant states "if Plaintiff is seeking information protected by attorney-client privilege, such information is not properly disclosed by this request." Id.

As to Request for Production No. 12, Defendant asserts the request "invades the attorney-client privilege and attorney work product doctrine." Id. at 28. Plaintiff asserts such privileges do not apply because "Defendant offered no indication that legal advice was being sought in the course of drafting that document, that the document itself was prepared in anticipation of litigation, or that information exchanged during the document's drafting was given in confidence" Id. at 29. Similar to the above requests, Plaintiff contends "Defendant failed to state whether any responsive materials are being withheld on the basis of those objections [in

9

violation of] Fed.R.Civ.P 34(b)(2)(C)." Id. at 29.

The Court finds that though these requests provide some basis for understanding what Plaintiff is seeking, the phraseology here is vague and overbroad as to the terms "evaluation" and "all documents, discussions, communications . . ." Thus, the undersigned will direct Plaintiff to clarify Requests for Production Nos. 6, 7, 12, 13, and 14. Plaintiff will have until June 30, 2025, to amend these requests and then, Defendant will have 30 days to respond or object. Defendant is reminded that an objection based on privilege requires disclosing a privilege log. Plaintiff's motion to compel as to these requests will be denied.

### D. Remaining Interrogatories

#### 1. Interrogatory Nos. 7, 14, and 15

Interrogatory No. 7:   Explain in detail why Defendant's reasonable accommodation process deviated from established EEOC guidelines [Footnote 4: Id.]. Id. at 14-15.

Interrogatory No. 14:  Explain in detail why DSD Sandau stated in an email to Plaintiff's supervisor dated November 15, 2021, that DSD Sandau "want[ed] to avoid saying that we were inquiring about [Plaintiff's] personal life and religious practices." Id. at 20-22.

Interrogatory No. 15:  Explain in detail why Defendant refused to end its inquiry into Plaintiff's sincerely held religious beliefs, instead stating in Defendant's response to Plaintiff's informal EEO complaint that Defendant "may be required" to obtain additional information regarding Plaintiff's religious beliefs and practices. [Footnote 10: Email from EEO Consultant Deena Wilson to Plaintiff titled "Informal Complaint Requested Remedies: Management's Response" dated November 16, 2021.] Id. at 22.

As to Interrogatory No. 7, Defendant objects, asserting "this statement constitutes a conclusion of law and are factual allegations to which no response is required" and for lack of foundation. Id. at 15. Without waiving these objections, Defendant responds:

> Defendant never admitted that its reasonable accommodation process deviated from established EEOC guidelines. Indeed, on April 19, 2022, Defendant informed Plaintiff via email ("lowe.casey@gmail.com"), that "[Plaintiff] fail[ed] to show that the Agency failed to accommodate his religious accommodation request." See Casey Lowe Initial Appeal, p. 16 (FAD, April 19, 2022). Furthermore, Defendant's actions were consistent with established EEOC guidelines and case law, and it was on this basis why Plaintiff's EEOC and MSPB cases were dismissed. *Casey Lowe v. Department of the Interior*, EEOC No. 550-2022-00170X (April 14, 2022) and *Casey Lowe v. Department of the Interior*, SF-

10

0752-22-0328-I-1 (MSPB, November 1, 2022).

Id.

Defendant objects that Interrogatory No. 14 is compound but responded

> To the extent Plaintiff is referencing a November 15, 2021, email from DSD Sandau to Kim Ferguson and Teresa Miscowik, Defendant directs Plaintiff to the record he provided in his Initial Disclosures . . . Mr. Sandau believed that Defendant needed necessary information to process Plaintiff's reasonable accommodation request, which Defendant never denied, while still maintaining some amount of privacy given the competing demands of necessary disclosure for the processing of Plaintiff's request and privacy.

Id. at 20.

Plaintiff contends that Defendant's objection is "frivolous on its face" because the request is not compound. Id. Further, Plaintiff asserts that Defendant must have spoken with Mr. Sandau because the response "describes Mr. Sandau's state of mind" but the record provided in initial disclosures does not address "why Mr. Sandau 'believed' he needed to request additional information from Plaintiff." Id. at 20-21. According to Plaintiff, Defendant either spoke with Mr. Sandau or "is merely engaging in bad faith speculation here." Id. at 21. And, assuming Defendant did speak with Mr. Sandau, Plaintiff argues that this response

> conflicts with Defendant's responses to Request for Production No. 2, and Interrogatory No. 1, which both indicate that Defendant did not engage in any discussions or communications other than those documented in the Report of Investigation for Agency Case No. DOI-BLM-22-0026 ("ROI"), or in the "record in Plaintiff's possession" when responding to Plaintiff's interrogatories.

Id.

Defendant objects that Interrogatory No. 15 "is compound and calls for a legal conclusion" but, without waiving that objection responds:

> As stated on its publicly available website, after a complainant files a discrimination complaint, an EEO counselor will 'explain the process to [Complainant] and advise [Complainant] in writing of [Complainant's] rights and responsibilities, listen and help [Complainant] specifically identify your claims of employment discrimination. Inform [Complainant's] about the Alternative Dispute Resolution Program. Conduct a limited inquiry into your claims. Discuss [Complainant's] concerns with an appropriate official who has authority to resolve [Complainant's] claims. Attempt to resolve [Complainant's] concerns informally.' See https://www.doi.gov/pmb/eeo/Complaints-Procedures#:~:text=You%20must%20contact%20an%20EEO,informal%20resolution%20of%20the%20matt er (last visited on December 20, 2024). Ms. Wilson was the EEO counselor assigned to Plaintiff's complaint, therefore, any inquiry was related to her fulfilling her responsibilities as a counselor.

11

Id. at 22.

Plaintiff contends Defendant is providing "boilerplate objections" that are "frivolous" because No. 15 is only one question, and it does not call for a legal conclusion. Id. at 23. Plaintiff asserts that the response provided "is evasive and incomplete because it does not address **why** Defendant refused to end its inquiries into Plaintiff's religious beliefs." Id. at 23 (emphasis in original). Defendant maintains that the response is full and complete "in part, that 'any inquiry was related to her fulfilling her responsibilities as a counselor.'" Id. at 24.

The Court finds Defendant's responses to Interrogatory Nos. 7, 14, and 15 to be sufficient and the motion to compel as to those requests will be denied. To the extent that responses conflict with evidence or other responses, that presents an evidentiary opportunity rather than a discovery dispute.

    2.    <u>Interrogatory Nos. 6, 10, and 11</u>

Interrogatory No. 6: Explain in detail why Plaintiff's religious beliefs were not "generally presumed or easily established" [Footnote 2: Moussazadeh v. Tx. Dep't of Crim. Just., 703 F.3d 781, 790 (5th Cir. 2012).] in accordance with EEOC guidelines [Footnote 3: Equal Employment Opportunity Commission. EEOC-CVG-2021-3. Guidance: Section 12: Religious Discrimination. Issued January 15, 2021. [link omitted] Retrieved November 7, 2024.] and prevailing case law. Id. at 12-15.

Interrogatory No. 10: Explain in detail why Equal Employment Program Manager Denise Haynes ("PM Haynes") took Plaintiff's informal EEO complaint telephonically, despite Plaintiff's request to submit his complaint in writing." Id. at 15.

Interrogatory No. 11: Explain in detail why Defendant declined the EEOC investigator's request to provide PM Haynes's training record [Footnote 9: Report of Investigation. Agency Case No. DOI-BLM-22-0026, p. 12, fn. 3.] Id. at 17.

Defendant objects to Interrogatory No. 6, asserting that it "constitutes a conclusion of law and are factual allegations to which no response is required," and responds:

> Defendant's actions were consistent with established EEOC guidelines and case law, and it was on this basis why Plaintiff's EEOC and MSPB cases were dismissed. *Casey Lowe v. Department of the Interior*, EEOC No. 550-2022-00170X (April 14, 2022) and *Casey Lowe v. Department of the Interior*, SF-0752-22-0328-I-1 (MSPB, November 1, 2022).

<u>Id.</u> at 13

/ / /
/ / /

In addition to arguing that Defendant deleting the footnotes in their initial responses "seems like the very definition of bad faith," Plaintiff contends that Defendant fails to cite "any legal authorities outside of Plaintiff's administrative law cases, as if those cases are dispositive here. [See Exhibit 9]" and the "response is easily disproven by the fact that the parties [are] currently [] litigating the instant case." <u>Id.</u> at 13-14. Defendant maintains "the response is full and complete" and Plaintiff's objection is that "he simply dislikes the response." <u>Id.</u> at 14.

Defendant asserts Interrogatory No. 10 is "irrelevant to determining whether Defendant unlawfully denied Plaintiff's reasonable accommodation request or any claims made in this action." <u>Id.</u> at 16. In addition to relevance, Defendant objects asserting Interrogatory No. 10 is "a conclusion of law and factual allegations to which no response is required . . . [and] the request is compound." <u>Id.</u> at 16. Notwithstanding those objections, Defendant responds "the method and means of how PM Haynes communicated with Plaintiff is immaterial to determining whether Defendant unlawfully denied Plaintiff's reasonable accommodation request." <u>Id.</u> at 16.

Plaintiff contends that "Defendant's objections are frivolous on their face, and seem to be offered in bad faith." Additionally, Plaintiff asserts that this is relevant

> because PM Haynes's decision to deny Plaintiff's request to submit his informal EEO complaint in writing robbed Plaintiff of the ability to define his claim in his own words. Thus, discovering the reason behind Defendant's decision to deny Plaintiff the ability to submit his informal EEO complaint in his own words is certainly of consequence in determining this action

<u>Id.</u> at 17.

Defendant maintains that the request is irrelevant and, even if whether Plaintiff was "robbed of the ability to define his claim in his own words is" is relevant, "Plaintiff submitted his request by telephone was certainly, and quite literally, in his own words." <u>Id.</u> at 17.

Defendant asserts Interrogatory No. 11 is "irrelevant to determining whether Defendant unlawfully denied Plaintiff's reasonable accommodation request, or any claims made in this action . . . [and] assumes facts not into evidence, because there is no evidence the Defendant declined the EEOC investigator's request to provide PM Haynes' training record or

13

1  that the EEOC investigator requested PM Haynes' training record" Id. at 17-18. Plaintiff asserts
2  this response amounts to bad faith because Defendant deleted the footnote directing Defendant
3  Exhibit 15 which, according to Plaintiff, demonstrates these facts are in evidence. See id. at 18-
4  19. Exhibit 15 is an excerpt from EEO Report of Investigation ("ROI") No. DOI-BLM-22-0026
5  which includes a footnote stating, "the agency, although requested, did not providing training
6  records for the Complainant and Denise Hayes, Equal Employment Program Manager." Id. at
7  148. Plaintiff contends that this information is relevant because declining to provide the training
8  record "may likely indicate that Defendant's EEO Program Manager was not up to date on her
9  own training. That lack of training would seem to explain several of PM Haynes's actions,
10 including telling Plaintiff that Plaintiff's religion was 'not a religion.'" Id. at 19.

　　　　The Court finds that Interrogatories Nos. 6, 10, and 11, as phrased, to be vague and
12 therefore, the motion to compel as to these interrogatories will be denied. However, the Court will
13 provide Plaintiff leave to rephrase these interrogatories and split them into a multistep process, as
14 needed. Plaintiff may use up to twenty-five additional interrogatories and has until June 30, 2025
15 to complete redrafting and service of such amended/additional interrogatories. Defendant will
16 have 30 days from the time of receiving these interrogatories to respond. Plaintiff is advised to not
17 use all twenty-five additional interrogatories, unless they are needed, and that the focus should be
18 on clarifying the issues previously addressed, not initiating new areas of inquiry.

19 　　　　　　3.　　Request for Production No. 2

20 　　Request for Production No. 2:　　All documents, discussions, communications, and electronic media identified or referenced in Defendant's responses to any interrogatory propounded by Plaintiff. Id. at 24.

23 　　　　Defendant objects, asserting that Request for Production No. 2 is "overbroad,
24 burdensome, and vague" and, without waiving those objections, directs Plaintiff to Report of
25 Investigation, Agency Case No. DOIBLM- 22-0026. Id. at 24. Plaintiff contends that "Defendant
26 once again relies on boilerplate objections rather than offering a substantive, good faith response
27 to this request." Further, Plaintiff asserts that Defendant's response "seems to indicate that
28 Defendant did not consult any documents or engage in any discussions or communications, other

14

than those contained in the Report of Investigation for Agency Case No. DOIBLM-22-0026 ("ROI") when responding to Plaintiff's interrogatories" which "directly contradicts Defendant's response to Interrogatory No. 14." Id. at 24-25.

As drafted, this request is overbroad, especially given the languages "all documents, discussions, communications, and electronic media." Thus, Plaintiff's motion to compel as to Request for Production No. 2 will be denied. However, Plaintiff will be provided leave to redraft this request. This will provide Plaintiff the opportunity to make an appropriately tailored request for production that, for example, may correspond to specific interrogatories, including additional interrogatories Plaintiff makes pursuant to this order.

      vi.      Requests for Admission 1-40

Plaintiff argues that "the deficiencies contained within Defendant's responses to Plaintiff's Requests for Admission are too numerous to recount individually." Id. at 31. Generally, Plaintiff asserts that Defendant's responses "contain the same sort of false, misleading, and disingenuous responses, frivolous boilerplate objections, and bad faith denials that characterize Defendant's above-described discovery responses." Plaintiff further argues that "Defendant has refused to revise its responses even after being presented with direct evidence disproving those responses." Id. As an example, Plaintiff shares Request for Admission No. 37, which is: "[a]dmit that Plaintiff's supervisor expressed 'respect and admiration' for Plaintiff, and stated that 'we could have done great work together." Id. Plaintiff contends that Defendant denied the request and then stated "'[i]f Plaintiff is referencing a November 4, 2021, email from Kim Ferguson to himself, the Agency directs Plaintiff to pages [sic] 041 of the ROI.' [See Exhibit 4 and Exhibit 16]." Id. Defendant asserts that Plaintiff did not provide "addressable" objections beyond Request for Admission No. 37, which Defendant asserts that Plaintiff "simply dislikes the response." Id. at 32.

The universe of responses for requests for admission are admit, deny, or object. Finding Defendant responded to each request appropriately, Plaintiff's motion to compel as to Requests for Admission 1-40 will be denied.

///

/ / /

/ / /

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that consistent with the above described direction:

1. Plaintiff's motion to compel is denied as to Interrogatory Nos. 4, 5, 6, 7, 10, 11, 14, and 15, Requests for Production Nos. 2, 6, 7, 12, 13, and 14, and Requests for Admission Nos. 1-40.

2. Plaintiff's motion to compel is granted as to Interrogatory No. 1 and Request for Production No. 3. Defendant is directed to supplement their responses, including providing a privilege log if asserting such privilege, within 14 days of this order.

3. Plaintiff is provided leave to amend Interrogatory Nos. 6, 10, and 11, and Requests for Production Nos. 2, 6, 7, 12, 13, and 14. Plaintiff may use up to twenty-five additional interrogatories and must send them to Defendant by June 30, 2025. Defendant will have 30 days from when they receive the requests to respond, object, or invoke privilege by properly producing a privilege log.

3. Defendant is directed to produce Personnel Bulletin 21-03 within 14 days of this order.

Dated: June 17, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE